# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THEODORE STEVEN BUCHANAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. CIV 13-426-RAW-KEW |
| ) | |
| EDWARD EVANS, ) | |
| DOC Interim Director, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's amended petition for a writ of habeas corpus [Docket No. 7], which was filed pursuant to 28 U.S.C. § 2254.[1] Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who currently is incarcerated at the Muskogee County Jail in Muskogee, Oklahoma, is challenging his convictions and the revocation of his suspended sentences in Muskogee County District Court Cases No. CF-2007-1036, Second Degree Rape, and No. CF-2007-1045, Intimidation of Witness. His supplement to the petition [Docket No. 13] challenges his listing on the sex offender registry.

The record shows that on July 10, 2008, petitioner entered guilty pleas in both cases and was sentenced to concurrent, ten-year suspended sentences. On August 22, 2013, he stipulated to violations alleged in the State's Application to Revoke Suspended Sentence, and the trial court revoked in part and ordered petitioner to serve three years' incarceration with

---

[1] The court recognizes that petitioner's claims regarding the revocation of his suspended sentences fall under 28 U.S.C. § 2241, because he is challenging the execution of his sentences.

the Oklahoma Department of Corrections. According to the docket records at www.oscn.net, petitioner was advised of the sex offender rules and conditions when he entered his plea in Case No. CF-2007-1036. The record further shows he did not appeal the district court's revocation orders, but on October 30, 2013, he filed a motion for post-conviction relief in both cases. He has not advised this court of his recent state court filings.

The respondent has filed a motion to dismiss, alleging petitioner has failed to exhaust his state court remedies. "A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

Here, petitioner clearly has failed to exhaust the state court remedies for his claims. Although he recently has filed post-conviction applications in the state district court, federal habeas corpus applicants are required to exhaust all remedies available in state court *before* filing a habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A).

**ACCORDINGLY,** the respondent's motion to dismiss for failure to exhaust state court remedies [Docket No. 11] is GRANTED, and this action is, in all respects, DISMISSED WITHOUT PREJUDICE.[2]

**IT IS SO ORDERED** this 19th day of November 2013.

RONALD A. WHITE
UNITED STATES DISTRICT JUDGE

---

[2] Petitioner is advised that any future habeas actions must be filed within the one-year statute of limitations imposed by 28 U.S.C. § 2244(d).